# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HANCOCK BANK, | : |
|     Plaintiff, | : |
| vs. | :   Civil Action No. 1:18-cv-00179-JB-C |
| ALEXANDER PASTORE, *et al.*, | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on Plaintiff Hancock Bank's Motion for Entry of Default Judgment, (Doc. 8), which was filed on July 2, 2018. Upon consideration of the Plaintiff's pleadings, (Doc. 8), it is recommended Plaintiff's Motion for Entry of Default Judgment be **GRANTED IN PART**.

## PROCEDURAL HISTORY

On April 13, 2018, Plaintiff filed its Complaint, in which seeks to collect unpaid balances that are due from Defendants Alexander Pastore, individually and as director of Amicus Mortgage Group, Inc.; Tricia M. Pastore, individually; and Amicus Mortgage Group, Inc. (Doc. 1). Summonses for each of the defendants were issued on April 16, 2018, (Doc. 4), and were served on all of the defendants on April 23, 2018, (Doc. 5). On June 29, 2018, sixty-seven (67) days after the defendants were served,

Plaintiff filed its Application for Entry of Default Judgment by the Clerk, in which it requested the Clerk of Court enter a default, pursuant to Rule 55(a), Federal Rules of Civil Procedure (hereinafter, "FRCP" followed by the Rule number), against the defendants because they failed to file a responsive pleading. (Doc. 6). The Clerk of Court entered a default against the defendants on July 2, 2018, (Doc. 7), and Plaintiff filed its instant Motion for Entry of Default Judgment against the defendants, (Doc. 8).

## **JURISDICTION AND VENUE**

Plaintiff alleges jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges it is a Louisiana banking organization that is organized under the laws of the State of Louisiana and has its principal place of business in Louisiana. (Doc. 1, ¶ 1). Plaintiff alleges Defendant Alexander Pastore is a citizen of the State of Alabama, Defendant Tricia M. Pastore is a citizen of the State of Alabama, and Defendant Amicus Mortgage is a domestic corporation that was formed under the laws of the State of Alabama, and has its principal place of business in Alabama. (Doc. 1, ¶ 2-4). Lastly, Plaintiff alleges the amount in controversy exceeds $75,000. (Doc. 1, ¶ 7).

The citizenship allegations are accepted as true since they were presented by counsel for Plaintiff pursuant to FRCP 11(b)(3), *see* FED. R. CIV. P. 11(b)(3) ("By presenting to the Court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief,

formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support."), and it is clear the amount in controversy exceeds the jurisdictional threshold.

The Court has, also, considered the issue of whether personal jurisdiction over the defendants exists in this action. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

Plaintiff alleges Defendants Alexander Pastore and Tricia M. Pastore are residents of Mobile County, Alabama, and Defendant Amicus Mortgage is a corporation that was formed under the laws of the State of Alabama, and its principal place of business is in Mobile County, Alabama. (Doc. 1, ¶¶ 2-4). Therefore, all defendants are amenable to jurisdiction.

Defendants were served by a process server with the summonses and complaint on April 23, 2018. (Doc. 5).

## **FINDINGS OF FACT**

On May 17, 2010, Defendant Alexander Pastore executed in favor of Plaintiff a Commercial Mortgage Note in the amount of $265,000.00 ("Loan 1"), which was secured by a Mortgage, Security Agreement and Financing Statement (the "Mortgage for Loan 1") (collectively, the "Loan Documents for Loan 1") on property located at 6341 Piccadilly Square Drive, Mobile, Alabama. (Doc. 1-1). The Mortgage for Loan 1 was executed by Defendants Alexander Pastore and Tricia M. Pastore on May 17, 2010, and it granted a security interest in the property located at 6341 Piccadilly Square Drive, Mobile, Alabama, to Plaintiff. (Doc. 1-2). The Mortgage for Loan 1 contains a "power of sale" provision that states:

> 2.02 If a Default occurs, Mortgagee may, at Mortgagee's option, without notice to Mortgagor, declare the indebtedness and all obligations for which the Note is given as security to be immediately due and payable, and may immediately exercise all remedies provided under this mortgage or by law.
> 2.03 Upon default, Mortgagee shall have the right to enter upon and take possession of the Mortgaged Property and after or without taking such possession to sell the same ( or such part or parts thereof as Mortgagee may from time to time elect to sell) at the front or main door to the courthouse of the County (or the division thereof) where said property, or any substantial material or part of said property, is located, at public outcry for cash, after first giving notice of the description of the property to be sold and the time, place and terms of such sale by publication once a week for three consecutive weeks prior to said sale in some newspaper published in the county or counties in which the property to be sold is located (or if no newspaper is published in any such county, then in a newspaper published in an adjoining county); and upon the payment of the purchase price, Mortgagee or the auctioneer at said sale is authorized to execute to the purchaser for and in the name of Mortgagor a good and sufficient deed to the property sold.
> 2.04 Mortgagee shall apply the proceeds of any sale or sales under this mortgage as follows: First, the expenses of

> advertising, selling, preparing the Mortgaged Property for sale, and conveying, including a reasonable attorney's fee (including attorney's fees incurred by Mortgagee in connection with any proceeding seeking to enjoin the foreclosure of this mortgage or otherwise challenge the right of Mortgagee to foreclosure this mortgage or sell any of the Mortgaged Property under this mortgage and attorney's fees incurred in connection with any appeal); second, to the payment of any amounts that may have been expended or that may then be necessary to expend in paying insurance, taxes, assessments, and other liens and mortgages, and in making repairs, with interest thereon; third, to the payment of the indebtedness hereby secured and interest thereon in such order as Mortgagee may elect, whether such debts shall or shall not have fully matured at the date of said sale; and fourth, the balance, if any, to be paid over to Mortgagor or to whomsoever then appears of record to be the owner of Mortgagor's interest in said property.
> 2.05 Mortgagee may bid and become the purchaser of the Mortgaged Property at any foreclosure sale hereunder.
> 2.06 Mortgagor hereby waives any requirement that the Mortgaged Property be sold in separate tracts and agrees that Mortgagee may, at its option, sell said property en masse regardless of the number of parcels hereby conveyed.
> 2.07 The power of sale granted herein is a continuing power and shall not be fully exercised until all of the Mortgaged Property not previously sold shall have been sold or all of the indebtedness and other obligations secured hereby have been satisfied in full.

(Doc. 1-2, at 7-8).

On January 17, 2013, Defendant Alexander Pastore executed a Promissory Note in favor of Plaintiff in the amount of $596,940.55 ("Loan 2"), (Doc. 1-4), which was secured by a Mortgage (the "Mortgage for Loan 2") on the property located at 6341 Piccadilly Square Drive, Mobile, Alabama, (Doc. 1-5). The Mortgage for Loan 2 was executed by Defendants Alexander Pastore and Tricia M. Pastore on the same date. (Doc. 1-5). On January 17, 2013, Loan 2 was subsequently cross-collateralized by a Mortgage that was

5

executed in favor of Plaintiff by Defendant Amicus Mortgage Group, Inc. ("Amicus"), by Alexander Pastore as director of Amicus, and granted Plaintiff a security interest in property located at 14185 Dauphin Island Parkway, Coden, Alabama (the "Second Mortgage for Loan 2") (collectively, with Loan 2 and the Mortgage for Loan 2, the "Loan Documents for Loan 2"). (Doc. 1-6). The Mortgage for Loan 2 and the Second Mortgage for Loan 2 contain a "power of sale" provision that states:

> RIGHTS AND REMEDIES ON DEFAULT. Upon the occurrence of an Event of Default and at any time thereafter, Lender, at Lender's option, may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:
> . . .
> Nonjudicial Sale. Lender shall be authorized to take possession of the Property and, with or without taking such possession, after giving notice of the time, place and terms of sale, together with a description of the Property to be sold, by publication once a week for three (3) successive weeks in some newspaper published in the county or counties in which the Real Property to be sold is located, to sell the Property (or such part or parts thereof as Lender may from time to time elect to sell) in front of the front or main door of the courthouse of the county in which the Property to be sold, or a substantial and material part thereof, is located, at public outcry, to the highest bidder for cash. If there is Real Property to be sold under this Mortgage in more than one county, publication shall be made in all counties where the Real Property to be sold is located. If no newspaper is published in any county in which any Real Property to be sold is located, the notice shall be published in a newspaper published in any county in which any Real Property to be sold is located, the notice shall be published in a newspaper published in an adjoining county for three (3) successive weeks. The sale shall be held between the hours of 11:00 a.m. and 4:00 p.m. on the day designated for the exercise of the power of sale under the Mortgage. Lender may bid at any sale had under the terms of this Mortgage and may purchase the Property if the highest bidder therefore. Grantor hereby waives any and all rights to

have the property marshalled. In exercising Lender's rights and remedies, Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Deficiency Judgment. If permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section.

. . .

Attorneys' Fees, Expenses. If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

(Doc 1-5, at 4; Doc. 1-6, at 4).

Defendants Alexander Pastore, Tricia M. Pastore, and Amicus defaulted under the terms of the Loan Documents for Loan 1 and Loan Documents for Loan 2. (Doc. 1, ¶¶ 11 & 20). On February 19, 2018, Plaintiff conducted a foreclosure sale for the real property located at 6341 Piccadilly Square Drive, Mobile, Alabama, on the steps of the Mobile County, Alabama, courthouse, and SSK Asset Management, LLC, purchased the property at the

7

sale for $291,601.00. (Doc. 1-3). As of June 29, 2018, the balance of Loan 1, after applying the foreclosure sale price, was $13,137.52, which consists of accrued interest of $6,233.23, late fees of $2,504.29, an appraisal fee of $2,800.00, and an environmental fee of $1,600.00. (Doc. 8-2, ¶ 14). On March 30, 2018, Plaintiff conducted a foreclosure sale for the real property that is located at 14158 Dauphin Island Parkway, Coden, Alabama, on the steps of the Mobile County, Alabama, courthouse, and Plaintiff purchased the property at the sale for $68,100.00. (Docs. 1-7, at 1-3). As of March 30, 2018, the balance of Loan 2, after applying the foreclosure sale prices, was $153,695.09, which consists of a principal balance of $129,685.88, accrued interest of $14,788.50 (per diem $21.61), late fees of $6,520.71, and appraisal fees of $2,700.00. (Doc. 8-2, ¶ 21).

Plaintiff has incurred attorney's fees and expenses of $15,351.14 to collect the subject debt from the defendants. (Doc. 8-3, ¶ 3).

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure establish a two-part process to obtain a default judgment. FED. R. CIV. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default. FED. R. CIV. P. 55(b)(1). In all other circumstances, "the party must apply to

8

the court for a default judgment." FED. R. CIV. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

> The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis omitted). Therefore, [Plaintiff] must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).
> Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*Gray Cas. & Sur. Co.*, 2012 WL 1145186, at *3-4 (S.D. Ala. Apr. 5, 2012).

## ANALYSIS

Upon review of the pleadings, the Court is satisfied the well-pleaded allegations state a basis for relief and there is a substantive and sufficient factual basis for the relief sought by Plaintiff. Specifically, Plaintiff has provided sufficient evidence that the parties entered into loans that were

secured by mortgages on real property, the defendants defaulted under the terms of those loans, the real property that secured those loans were foreclosed upon and sold pursuant to the terms of the mortgages, and the proceeds from those sales were applied to the outstanding balances of the loans. Additionally, Plaintiff has provided sufficient evidence of the remaining balances of the loans, after the foreclosure sales proceeds are applied as well as the attorney's fees incurred.

FRCP 54(c) provides a "default judgment must not differ in kind from, or exceed in amount what is demanded in the pleadings." FED. R. CIV. P. 54(c).[1] Plaintiff's claims for the balances due under the Loan Documents for

---

[1] In Plaintiff's Complaint, it made demand for:

> (a) general damages against [Defendants] Alexander Pastore and Tricia M. Pastore, as to [Loan 1] in the amount of $13,137.52 as of March 30, 2018 based on the terms of the [Mortgage for Loan 1], which consists of accrued interest in the amount of $6,233.23 (per diem $0.00), late fees in the amount of $2,504.29, an appraisal fee in the amount of $2,800.00 and environmental fee in the amount of $1,600, as the net unpaid balance due on the [Loan Documents for Loan 1] as of March 30, 2018, plus the applicable per diem interest and continuing costs and expenses;
>
> (b) general damages against [Defendants] Alexnader Pastore, Tricia M. Pastore and [Amicus] as to [Loan 2] in the amount of $150,955.02 as of March 30, 2018 based on the terms of the [Loan Documents for Loan 2], which consists of a principal balance in the amount of $129,685.88, accrued interest in the amount of $12,821.08 (per diem $21.62), interest in the amount of $12,821.08 [(*sic*)], late fees in the amount of $5,748.06 and appraisal fees in the amount of $2,700.00 as the net unpaid balance due on the [Loan Documents for Loan 2] as of March 30, 2018, plus the applicable per diem interest and continuing costs and expenses;
>
> (c) additional prejudgment interest as provided by the [Loan Documents for Loan 1 and Loan Documents for Loan 2] and/or by Alabama law;

Loan 1 and Loan Documents for Loan 2, in its instant Motion for Default Judgment, remain the same, except for the duplicate claim for $12,821.08 in interest that is found in the Complaint, subsection b of its "Requested Relief," and the amount of accrued interest as of March 30, 2018, ($12,821.08), and as of June 29, 2018, ($14,788.50). (*Compare* Doc. 1, at 6 *with* Doc. 8, at 2-3). Alabama law allows pre-judgment interest in a breach of contract action at the rate agreed-to by the parties to the contract. ALA. CODE § 8-8-8. [2] Here, the difference in the accrued interest amounts reflects a per diem interest rate of $21.62, which is given in the Complaint and Motion for Default

---

> (d) reasonable attorneys' fees and costs, plus reasonable attorneys' fees and costs incurred in the event of any appeals;
>
> (e) all accruing late charges and fees;
>
> (f) all costs of court;
>
> (g) interest at the maximum rate provided by the [Loan Documents for Loan 1 and Loan Documents for Loan 2] and Alabama law on the total amount of the judgment, from the date of judgment until paid;
>
> (h) the right to make post-judgment application for additional attorneys' fees and expenses that accrue accordingly; and
>
> (i) such other and further relief to which Plaintiff may be entitled.

(Doc. 1, at 6-7). In Plaintiff's instant Motion for Default Judgment, it made demand for the entry of judgment against the defendants of "$182,183.75 plus post-judgment interest, continuing attorney fees, and costs of court." (Doc. 8, at 3).

[2] Section 8-8-8, Code of Alabama, 1975, states:

> All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.

11

Judgment, (*compare* Doc. 1, at 6 *with* Doc. 8, ¶ 7), and is based on a seven percent (7%) per annum rate of interest for Loan 2, (Doc. 1-4, at 1). Accordingly, Plaintiff's Motion for Default Judgment should be granted as to its claim for general damages under the Loan Documents for Loan 1 and Loan Documents for Loan 2, and for pre-judgment interest, as of the date of this Memorandum Opinion and Order, of $15,480.34.

As to Plaintiff's claim for attorney's fees and expenses, the mortgages for Loan 1 and Loan 2 provide for reasonable attorney's fees in the event of a default. (Doc. 1-2, at 7-8; Doc 1-5, at 4; & Doc. 1-6, at 4).

> In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. *Reynolds v. First [Ala.] Bank of Montgomery, N.A.*, 471 So. 2d 1238 (Ala. 1985); *Eagerton v. Williams*, 433 So. 2d 436 (Ala. 1983); *Shelby Cty Comm'n v. Smith*, 372 SO. 2d 1092 (Ala. 1979). The reasonableness of an attorney fee under a contract providing for the recovery of reasonable attorney fees is largely within the discretion of the trial court. *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983); *see [also] Irons v. Le Sueur*, 487 So. 2d 1352 (Ala. 1986); *Mann v. Mann*, 451 So. 2d 783 (Ala. 1984).
>
> . . .
>
> In *Peebles v. Miley*, *supra*, [the Supreme Court of Alabama] set out the following 12 criteria that the trial court should consider in setting attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in

> the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. *See Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740 (Ala. 1988); *Irons*[, 487 So. 2d 1352]; *see also Talb, Inc. v. Dot Dot Corp.*, 559 So. 2d 1054 (Ala. 1990). Although all of these criteria need not be met, they are available for the trial court to consider in connection with each claim for an award of attorney fees. *Graddick v. First Farmers &* [*Merchs. Nat'l*] *Bank of Troy*, 453 So. 2d 1305 (Ala. 1984).

*Lanier v. Moore-Handley, Inc.*, 575 So. 2d 83, 85 (Ala. 1991).

Applying the criteria set out in *Peebles* to the information before the Court, the value of the subject matter of the employment is $166,832.61, the professional experience and reputation of Philip D. Mahoney, Esquire, is he is an attorney in good standing with the Alabama State Bar who practices in the area of Creditor's Rights and Insolvency Litigation in the State of Alabama, and Mr. Mahoney has succeeded in having a default entered against the defendants. However, the Court is not able to determine the reasonableness of the claimed attorney fee based on the limited information provided to date. Therefore, a decision on the reasonableness of the attorney's fees claimed should be held in abeyance pending supplementation from Plaintiff that can assist the Court's inquiry into the reasonableness of the fee pursuant to *Peebles*.

As to Plaintiff's claim for post-judgment interest, (Doc. 1, at 7; Doc. 8, at 3), the United States Code provides for interest "on any money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961. Therefore,

13

post-judgment interest should accrue at the federal rate set forth in 28 U.S.C. § 1961.

## CONCLUSION

Accordingly, it is recommended Plaintiff's Motion for Default Judgment, (Doc. 8), be **GRANTED IN PART** as to its claims for general damages, pre-judgment interest, and post-judgment interest and default judgment should be **ENTERED** in favor of Plaintiff Hancock Bank and against Defendants Alexander Pastore, Tricia M. Pastore, and Amicus Mortgage Group, Inc., in the amount of $180,661.96 (Loan 1 $26,275.04; Loan 2 $154,386.92), which consists of a principal balance of $129,685.88, accrued interest of $21,713.57 (L1 $6,233.23; L2 $15,480.34), late fees of $9,025.00, appraisal fees of $5,500.00, and an environmental fee of $1,600.00. It is, also, recommended Plaintiff's Motion for Default Judgment, (Doc. 8), should be **HELD IN ABEYANCE** as to its claim for attorney's fees pending supplementation in regard to the criteria set forth in *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983), to determine the reasonableness of the requested fees.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R.

72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 17th day of September 2018.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**