IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| HANDCOCK BANK, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | CA 18-00179-JB-C |
| ALEXANDER PASTORE INDIVIDUALLY AND AS DIRECTOR OF AMICUS MORTGAGE GROUP, INC., TRICIA PASTORE, INDIVIDUALLY AND AMICUS MORTGAGE GROUP, INC., | : : : : | |
| Defendants. | | |

## **SUPPLEMENTAL REPORT AND RECOMMENDATION**

This cause is back before the Court on plaintiff's motion for entry of a default judgment (Docs. 8 & 11). By Report and Recommendation entered September 17, 2018, it was recommended that plaintiff's motion for a default judgment be granted in part and held in abeyance in part (Doc. 10). The undersigned specifically found that the moving party had established its entitlement to a judgment in the amount of "$180,661.96 (Loan 1 $26,275.04; Loan 2 $154,386.92), which consists of a principal balance of $129,685.88, accrued interest of $21,713.57 (L1 $6,233.23; L2 $15,480.34), late fees of $9,025.00, appraisal fees of $5,500.00, and an environmental fee of $1,600.00." (*Id*. at 14). The Report and Recommendation was adopted by Judge Beaverstock on October 2, 2018. (Order and Judgment, Docs. 12 & 13). Because the Bank had not submitted sufficient proof of the reasonableness of the attorneys' fees it had incurred in this matter, the Court advised the parties that a supplemental report and recommendation would be entered following the Bank's supplemental submission. (Doc. 10 at 13).

The Bank timely filed its supplemental submission on September 25, 2018 (Doc. 11) that includes an affidavit from Jeffery J. Hartley, Esquire (Doc. 11-1) with relevant invoices attached. Plaintiff's supplemental submission contains proof (including invoices) that it has incurred costs and expenses totaling $9,189.68 that are attributable to the first and second loans defaulted upon by the defendants. Those costs are listed as $10.80 for copying costs, $13.84 for legal research, $421.00 for court costs, $1,675.00 for title reports on four occasions, $165.00 for a process server, $4,6450.00 for surveys on three parcels of property, $1,200.00 for environmental costs, and $1,059.04 for foreclosure notices. The affidavit of Richard Buntin establishes the reasonableness of the costs and expenses incurred by the Bank as part of its collection efforts—that is, the costs for title reports, surveys, and environmental services. (Doc. 8, Exhibit B, Affidavit of Richard Buntin, at 3-5 (Description of the foreclosure sales of real property put up as collateral on the loans.)). In addition, the defendants have decided not to respond to this complaint or to defend themselves in any way. Thus, they have made no argument that the expenses attributable to the loans were unreasonable or that the costs associated with this action are unreasonable. Accordingly, plaintiff has established its entitlement to reasonable costs and expenses in the amount of $9,189.68.

Plaintiff has also submitted evidence that it incurred attorneys' fees totaling $9,089.00. (Doc. 11-1, Hartley aff.) In Alabama, attorneys' fees are recoverable when provided for in a contract, *see. e.g., James v. James,* 768 So.2d 356, 360 (Ala. 2000), as is the case here (Doc. 1-2, at 7-8, Doc. 1-5, at 4 & Doc. 1-6, at 4), and in the Eleventh Circuit, "a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue." *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.,* 312 F.3d 1349, 1355 (2002), *abrogated as stated in Ray Haluch Gravel Co. v. Central Pension Fund of International Union of Operating Engineers and Participating Employers,* \_\_\_ U.S. \_\_\_, 134

S.Ct. 773, 187 L.Ed.2d 669 (2014). Even though more attorneys and paralegals were involved than necessary, three partners, two associates and two paralegals billed the client for services in this case, given the need to proceed with foreclosure sales and to litigate this action, the total fees billed to the client ($9,089.00) are deemed reasonable and necessary in this action. Thus, plaintiff is entitled to an award of attorneys' fees and the aforementioned costs referenced above totaling $18,278.68. *Compare SE Property Holdings, LLC v. Loyal Advertising, LLC,* 2012 WL 2253243, *5 (S.D. Ala. June 15, 2012) ("Defendants did not contest plaintiff's assertion of its right to an award of reasonable and necessary attorneys' fees and expenses, nor did they contest the amount sought. The court finds that the amounts set forth in plaintiff's brief are reasonable and necessary and should be awarded.") *with id.* at *1 (attorneys' fees totaling $15,350.50) and *Wells Fargo Bank, N.A. v. Maclay Construction, Inc.,* 2011 WL 6668319, *4 (S.D. Ala. Dec. 20, 2011) (attorneys' fees totaling $22,152.72).

Finally, plaintiff is due to be awarded post-judgment interest on the total award, that is, $198,940.64 ($180,661.96 + $18,278.68), at the statutory rate. In a diversity case, like the present one (*see* Doc. 1, ¶ 7 ("This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Whitney Bank is a resident corporation of Louisiana and Defendant[s are] resident[s] of Alabama; therefore, complete diversity of the parties is met. The amount in controversy exceeds $75,000 exclusive of interest and costs, the minimal limits of the Court for diversity jurisdiction.")), "a district court will apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute[]" in awarding post-judgment interest. *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) (citation omitted). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

3

System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Therefore, post-judgment interest shall accrue at the statutory rate from the date judgment is entered.

**CONCLUSION**

For the reasons stated above, it is recommended that the Plaintiff's motion for a default judgment be **GRANTED**. Plaintiff shall submit a proposed judgment to the court with the proposed damage amounts, including interest calculated through the date of this Report and Recommendation, attorneys' fees and costs.

**DONE** and **ORDERED** this the 25th day of October, 2018.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**